[No. D008815. Fourth Dist., Div. One. Dec. 21, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
VERNON DARNELL KING, Defendant and Appellant.

**COUNSEL**

Randall B. Bookout, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney

General, Holly D. Wilkens and Gil P. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

BENKE, J.—Following denial of a motion to suppress evidence (Pen. Code, § 1538.5), Vernon Darnell King entered a negotiated no contest plea to possessing a controlled substance for sale (Health & Saf. Code, § 11351.5). The court suspended imposition of sentence and placed him on three years' probation including a condition he serve one hundred and eighty days in custody. King appeals.

At approximately 10 p.m. on February 15, 1988, San Diego Police Officers Michael Ott and Kenneth Winklepleck were on patrol in the 600 block of 30th Street. Officer Ott stopped a Datsun 280Z after noticing it had expired registration tags. As the two officers approached the Datsun, Ott on one side and Winklepleck on the other, Ott saw the driver, King, reach under the driver's seat and heard the contact of metal on metal. Ott feared for the safety of his partner and himself because there was increased gang activity in the area and the driver reached under the seat.

Ott ordered the occupants out of the Datsun and checked for weapons under the seat. He found a loaded .25-caliber semiautomatic handgun. While searching the passenger area for additional weapons he found a baggie containing 46 rocks of cocaine.

King contends the weapon search was unlawful and the trial court erred in denying the motion to suppress.

■ A warrantless search of a vehicle's passenger compartment is permissible if "the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons." (*Michigan* v. *Long* (1983) 463 U.S. 1032, 1049 [77 L.Ed.2d 1201, 1220, 103 S.Ct. 3469] quoting *Terry* v. *Ohio* (1967) 392 U.S. 1, 21 [20 L.Ed.2d 889, 906, 88 S.Ct. 868].)

King argues the officers here lacked specific and articulable facts giving them reason to believe he was armed and dangerous. Citing *People* v. *Superior Court (Kiefer)* (1970) 3 Cal.3d 807 [91 Cal.Rptr. 729, 478 P.2d 449, 45 A.L.R.3d 559], he asserts his reaching under the seat and the sound of

metal on metal are not sufficient facts to justify the warrantless search. In *Kiefer,* an officer activated his emergency light behind a speeding vehicle. As the driver pulled over, the officer "saw a woman's head rise from the passenger portion of the front seat; she turned and put her arm over the back of the seat, then faced forward again, bent down toward the floor, and reassumed a normal sitting position." (*Id.* at p. 811.) Noting there are "many more innocent than guilty explanations for a motorist's act of 'leaning forward' or 'bending down,'" (*id.* at p. 822) the California Supreme Court held, "the law requires more than a mere 'furtive gesture' to constitute probable cause to search or to arrest." (*Id.* at p. 818.) Relying upon *People* v. *Loewen* (1983) 35 Cal.3d 117 [196 Cal.Rptr. 846, 672 P.2d 436], King asserts the facts supporting the search here are not augmented by the area of the stop, arguing the area cannot be considered as a fact giving cause to stop.

In determining whether a weapon search was reasonable, we must view the search in light of all the facts surrounding the activity. ▇ Here, in addition to King's movement, we have the contemporaneous sound of metal on metal and the officer's fear created by the increased level of gang activity in the area.

We recognize in *People* v. *Loewen, supra*, 35 Cal.3d 117, the California Supreme Court held four innocent factors could not be combined to justify a detention. There the four factors were a high crime area, the similarity of the suspects' truck to one the driver of an illegally parked car said he was awaiting, the driver's nervous behavior, and the manner in which the suspects acted when they passed the officers. (*Id.* at p. 124.) ▇ However, since the passage of Proposition 8 in 1982, we must decide search and seizure issues by determining whether the Fourth Amendment of the United States Constitution requires exclusion of the evidence. (*In re Lance W.* (1985) 37 Cal.3d 873, 886-887 [210 Cal.Rptr. 631, 694 P.2d 744].) Under federal law: "'The reputation of an area for criminal activity is an articulable fact upon which a police officer may legitimately rely.' (*United States* v. *Magda* (2d Cir. 1976) 547 F.2d 756, 758; accord *United States* v. *Rickus* (3d Cir. 1984) 737 F.2d 360, 365; see *United States* v. *Brignoni-Ponce* (1975) 422 U.S. 873 at p. 884 [citation].) The preeminent commentator on this subject agrees: '[T]he area in which the suspect is found is itself a highly relevant consideration. The character of the area, for one thing, may cast a different light upon certain conduct: . . . Unspecific assertions that there is a crime problem in a particular area should be given little weight, at least as compared to more particular indications that a certain type of criminal conduct of the kind suspected is prevalent in that area.' (3 LaFave, Search and Seizure (2d ed. 1987) § 9.3(c), pp. 456-457, fns. omitted.)" (*In re Frederick*

B. (1987) 192 Cal.App.3d 79, 86 [237 Cal.Rptr. 338]; cf. *People* v. *Washington* (1987) 192 Cal.App.3d 1120, 1123 [236 Cal.Rptr. 840].)

█ Thus, the fact a detention occurs in a high crime area may be considered if it is relevant to the officer's belief the suspect is involved in the commission of a crime. Similarly, the fact that an area involves increased gang activity may be considered if it is relevant to an officer's belief the detainee is armed and dangerous. While this factor alone may not justify a weapon search, combined with additional factors it may.

King argues consideration of the area was improper because the record includes neither statistics showing the 600 block of 30th Street is an area of high gang activity nor evidence linking him with gang activity. However, Officer Ott testified the area was one of increased gang activity. This fact was not disputed. No further evidence is required. Nor is evidence linking King to that activity. While detention of a known gang member would increase the likelihood of harm to an officer and further justify a search for weapons, King cites no authority supporting the assertion an officer must risk his life with knowledge of increased gang activity in an area merely because he does not know the person detained is linked to that activity.

The totality of the circumstances supported the weapon search, and the trial court did not err in denying the motion to suppress.

Judgment affirmed.

Kremer, P. J., and Froehlich, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 1, 1990.